# 25-2986

## In the United States Court of Appeals for the Second Circuit

---

UNITED STATES OF AMERICA,
APPELLEE

*v.*

MARINA KUYAN, KEMAL SARKINOVIC, JOSHUA MARKOVICS,
DEFENDANTS,

DAVID MOTOVICH,
DEFENDANT-APPELLANT

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (CRIM. NO. 21-497)
(THE HONORABLE WILLIAM F. KUNTZ, II, J.)*

---

**SPECIAL APPENDIX**

---

KANNON K. SHANMUGAM
MASHA G. HANSFORD
ABIGAIL FRISCH VICE
ANNA J. LUCARDI
KRISTA A. STAPLEFORD
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*
  *kshanmugam@paulweiss.com*

# TABLE OF CONTENTS

Page

Judgment and order of forfeiture, November 24, 2025.................... S.A. 1

18 U.S.C. § 2 ........................................................................... S.A. 28

18 U.S.C. § 371 ....................................................................... S.A. 29

18 U.S.C. § 1344 ..................................................................... S.A. 31

18 U.S.C. § 1960 ..................................................................... S.A. 32

31 U.S.C. § 5313 ..................................................................... S.A. 33

31 U.S.C. § 5322 ..................................................................... S.A. 37

31 U.S.C. § 5330 ..................................................................... S.A. 39

EDNY-117

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| David Motovich | ) | Case Number: 1:21CR00497-001(WFK) |
| | ) | USM Number: 61401-509 |
| | ) | Henry E. Mazurek, Esq. and Randall Jackson, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s) _Counts One through Fourteen, Sixteen, and Seventeen of the eighteen-count Indictment_
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1960 and 2 | Operating an Unlicensed Money Transmitting Business | 2/28/2019 | 1 |
| 31 U.S.C. §§ 5313(a) and 5322(b), and 18 U.S.C. § 2 | Failure to File Currency Transaction Reports (CTRs) | 2/28/2019 | 2 |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | 11/30/2018 | 3-6 |

   The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s) _fifteen and eighteen of the indictment._

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_____11/19/2025_____
Date of Imposition of Judgment

**s/WFK**

_____
Signature of Judge

The Honorable William F. Kuntz, II
Name and Title of Judge

11/24/2025
Date

**S.A. 1**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 1A

Judgment—Page   2   of   8

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 2 | Conspiracy to Commit Bank Fraud | 2/28/0201 | 7 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 2/22/2017 | 8 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 3/1/2017 | 9 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 5/3/2017 | 10 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 7/14/2017 | 11 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 10/11/2017 | 12 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 12/15/2017 | 13 |
| 18 U.S.C. §§ 1957(a), 1957(b), and 2 | Money Laundering | 4/11/2018 | 14 |
| 18 U.S.C. §§ 1028A(a)(1), (b), and (c)(5), and 2 | Aggravated Identity Theft | 12/31/2017 | 16 |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 2/28/2019 | 17 |

S.A. 2

AO 245B (Rev. 11/25) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Sixty (60) months on Counts 1 and 17; One Hundred Twenty (120) months on Counts 2 and 8-14; One Hundred Fifty-Six (156) months on Counts 3-7; all to run concurrently to each other; and Twenty-Four (24) months on Count 16, to run consecutive to the concurrent terms of imprisonment imposed on Counts 1, 2, 3-7, and 8-14, for a total term of One Hundred Eighty (180) months' imprisonment.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends, if consistent with Bureau of Prisons' security classification, that Defendant be designated at FCI Otisville Satellite Camp. The Court also recommends placement in the Bureau of Prisons' Residential Drug and Alcohol Program ("RDAP") when Defendant becomes eligible for the program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**S.A. 3**

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page _____ of ___8___

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## ADDITIONAL IMPRISONMENT TERMS

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
　　　　　　　　　 Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Two (2) years on Counts 1-14 and 17, and One (1) year on Count 16. All terms of supervised release are to run concurrently, for a total of two (2) years' supervised release.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

**S.A. 5**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

| | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

**S.A. 6**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page _____ of ___8___

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## ADDITIONAL SUPERVISED RELEASE TERMS

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 3C — Supervised Release

                                                              Judgment   Page _____ of ____8____

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

**S.A. 8**

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 3D — Supervised Release

Judgment—Page __6__ of __8__

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with any restitution order.

2. Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of their financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of their financial dealings and shall provide truthful monthly statements of their income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to their financial information and records.

3. The defendant shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Office with full disclosure of their self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation Office.

4. The defendant shall fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and by timely filing all future returns that come due during the period of supervision. The defendant shall properly report all correct taxable income and claim only allowable expenses on those returns. The defendant shall provide all appropriate documentation in support of said returns. Upon request, the defendant shall furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and the defendant shall fully cooperate by paying all taxes, interest, and penalties due and otherwise comply with the tax laws of the United States.

**S.A. 9**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 4—Probation

|  |  |  |
|---|---|---|
| Judgment—Page | of | 8 |

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## PROBATION

You are hereby sentenced to probation for a term of:

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.  ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

S.A. 10

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 4A — Probation

| | Judgment—Page | | of | 8 |

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

**S.A. 11**

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 4B — Probation

Judgment—Page _____ of ___8___

DEFENDANT:   David Motovich
CASE NUMBER:   1:21CR00497-001(WFK)

## ADDITIONAL PROBATION TERMS

**S.A. 12**

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
               Sheet 4C — Probation

Judgment—Page _____ of ___8___

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

**S.A. 13**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 4D — Probation

Judgment—Page ___ of ___8___

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## SPECIAL CONDITIONS OF SUPERVISION

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
              Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __8__

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* |
|---|---|---|---|---|
| **TOTALS** | $ 1,600.00 | $ | $ | $ |

☑ The determination of restitution is deferred until __2/17/2026__ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

S.A. 15

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
                      Sheet 5A — Criminal Monetary Penalties

                                                    Judgment  Page _____ of ___8___

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
　　　　　　　　　　　 Sheet 5B — Criminal Monetary Penalties

| | | | Judgment—Page ____ of ___8___ |
|---|---|---|---|

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

S.A. 17

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
               Sheet 6 — Schedule of Payments

Judgment — Page ___8___ of ___8___

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑ Lump sum payment of $ __1,600.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑ Special instructions regarding the payment of criminal monetary penalties:
    Restitution payments are to be addressed to the "EDNY Clerk of Court," include the defendant's name and his corresponding docket number, and be sent to 225 Cadman Plaza, Brooklyn, NY 11201. You shall make restitution payments by certified check, money order, cash or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://www.nyed.uscourts.gov/online-criminal-debt-payments. Checks and money orders shall be made payable to the "EDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 225 Cadman Plaza, Brooklyn, NY 11201 - Attention: Cashier, as required by 18 U.S.C. § 3611. You shall write your name and the docket number of this case on each check or money order. Cash payments can be made in person in amounts not to exceed $9,999.99.restitution shall be payable in installments pursuant to 18 U.S.C. §3572(d)(1) and You shall commence monthly installment payments equal to 10 percent of your gross income, payable on the 1st of each month, upon release from prison.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**S.A. 18**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 6A — Schedule of Payments

| | | Judgment—Page _____ of __8__ |
|---|---|---|

DEFENDANT:  David Motovich
CASE NUMBER:  1:21CR00497-001(WFK)

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 6B — Schedule of Payments

Judgment—Page _____ of ___8___

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

## ADDITIONAL FORFEITED PROPERTY

**S.A. 20**

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
              Sheet 7 — Denial of Federal Benefits

Judgment — Page _____ of ____8____

DEFENDANT: David Motovich
CASE NUMBER: 1:21CR00497-001(WFK)

# DENIAL OF FEDERAL BENEFITS
### *(For Offenses Committed On or After November 18, 1988)*

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

IT IS ORDERED that the defendant shall be:

☐   ineligible for all federal benefits for a period of     _____.

☐   ineligible for the following federal benefits for a period of     _____.

     *(specify benefit(s))*

# OR

☐   Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

☐   be ineligible for all federal benefits for a period of     _____.

☐   be ineligible for the following federal benefits for a period of     _____.

     *(specify benefit(s))*

☐   successfully complete a drug testing and treatment program.

☐   perform community service, as specified in the probation and supervised release portion of this judgment.

☐   Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

       Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, Veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility.  The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**

**S.A. 21**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

DAVID MOTOVICH,

           Defendant.

- - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF FORFEITURE

21-CR-497 (WFK)

WHEREAS, on or about July 30, 2024, David Motovich (the "defendant"), was convicted after a jury trial of the offenses charged in Counts One through Fourteen, Sixteen, and Seventeen of the above-captioned Indictment, charging violations of 18 U.S.C. §§ 371, 1028A(a)(1), 1344, 1349, 1957(a), and 1960, and 31 U.S.C. § 5313(a); and

WHEREAS, the Court has determined that, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2), and 31 U.S.C. § 5317(c)(1)(A) the defendant must forfeit the amount of thirty-eight million two hundred ninety-eight thousand eight hundred sixty-seven dollars and eighty-five cents ($38,298,867.85) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Subject Assets"):

    (i)    approximately $170,138.00 in United States currency, seized by law enforcement on or about August 24, 2021, from 1169 Coney Island Ave, Brooklyn, New York 11230, and all proceeds traceable thereto;

    (ii)    miscellaneous jewelry (including watches and bracelets) and designer pens, seized by law enforcement on or about August 24, 2021, from 1169 Coney Island Ave, Brooklyn, New York 11230, and all proceeds traceable thereto;

**S.A. 22**

(iii)    the real property and premises, located at 1169 Coney Island Avenue, Brooklyn, New York 11230, Block # 6695, Lot # 76, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(iv)    approximately $61,821.00 in United States currency, seized by law enforcement on or about August 24, 2021, from 303 East 57th Street, Apt. 47G, New York, New York 10022, and all proceeds traceable thereto;

(v)    miscellaneous jewelry (including necklaces, pendants, bracelets, earrings, brooches, pins, cufflinks, tie bars, watches, and rings) and designer handbags, seized by law enforcement on or about August 24, 2021, from 303 East 57th Street, Apt. 47G, New York, New York 10022, and all proceeds traceable thereto; and

(vi)    the real property and premises, located at 303 East 57th Street, Apt. 47G, New York, New York 10022, Block # 1350, Lot # 1, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto,

as: (a) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violations of 18 U.S.C. §§ 1344 and 1349; (b) any property, real or personal, involved in the defendant's violations of 18 U.S.C. §§ 1957(a) and 1960, or any property traceable to such property; (c) any property, real or personal, involved in the defendant's violation of 31 U.S.C. § 5313(a), or any property traceable to such property; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1)(B).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    Pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2), and 982(b)(1), 21 U.S.C. § 853(p), and 31 U.S.C. §§ 5317(c)(1)(A) and 5317(c)(1)(B), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and

interest in the Subject Assets. The forfeiture of the Subject Assets shall be credited towards any outstanding balance of the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of sentencing (the "Due Date").

3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official

government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Subject Assets or any property against which the United States seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Assets to the United States. If the Subject Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 31 U.S.C. § 5317(c)(1)(B).

7.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.    The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.    The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10.    This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11.    This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

12.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Alfred Pelargu, FSA Senior Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York

_____*November 17*_____, 2025

SO ORDERED:

**s/WFK**

_____
HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

---

*United States v. David Motovich*, 21-CR-497 (WFK)
Preliminary Order of Forfeiture

Page 6

**S.A. 27**

SHORT TITLE OF 1996 AMENDMENTS

Pub. L. 104–294, §1, Oct. 11, 1996, 110 Stat. 3488, provided that: ''This Act [see Tables for classification] may be cited as the 'Economic Espionage Act of 1996'.''

Pub. L. 104–132, §1, Apr. 24, 1996, 110 Stat. 1214, provided that: ''This Act [see Tables for classification] may be cited as the 'Antiterrorism and Effective Death Penalty Act of 1996'.''

SHORT TITLE OF 1994 AMENDMENT

Pub. L. 103–322, title X, §100001, Sept. 13, 1994, 108 Stat. 1996, provided that: ''This title [amending section 13 of this title and section 3751 of Title 42, The Public Health and Welfare] may be cited as the 'Drunk Driving Child Protection Act of 1994'.''

SHORT TITLE OF 1990 AMENDMENT

Pub. L. 101–647, §1, Nov. 29, 1990, 104 Stat. 4789, provided that: ''This Act [see Tables for classification] may be cited as the 'Crime Control Act of 1990'.''

SHORT TITLE OF 1988 AMENDMENT

Pub. L. 100–690, title VII, §7011, Nov. 18, 1988, 102 Stat. 4395, provided that: ''This subtitle [subtitle B (§§7011–7096) of title VII of Pub. L. 100–690, see Tables for classification] may be cited as the 'Minor and Technical Criminal Law Amendments Act of 1988'.''

SHORT TITLE OF 1987 AMENDMENT

Pub. L. 100–185, §1, Dec. 11, 1987, 101 Stat. 1279, provided that: ''This Act [enacting section 19 of this title, amending sections 18, 3013, 3559, 3571, 3572, 3573, 3611, 3612, and 3663 of this title and section 604 of Title 28, Judiciary and Judicial Procedure, and enacting provisions set out as notes under section 3611 of this title] may be cited as the 'Criminal Fine Improvements Act of 1987'.''

SHORT TITLE OF 1986 AMENDMENT

Pub. L. 99–646, §1, Nov. 10, 1986, 100 Stat. 3592, provided that: ''This Act [see Tables for classification] may be cited as the 'Criminal Law and Procedure Technical Amendments Act of 1986'.''

SHORT TITLE OF 1984 AMENDMENT

Pub. L. 98–473, title II, §200, Oct. 12, 1984, 98 Stat. 1976, provided that: ''This title [see Tables for classification] may be cited as the 'Comprehensive Crime Control Act of 1984'.''

SHORT TITLE OF 1974 AMENDMENT

Pub. L. 93–412, §1, Sept. 3, 1974, 88 Stat. 1089, provided: ''That this Act [amending section 3006A of this title and enacting provisions set out as a note under section 3006A of this title] may be cited as the 'District of Columbia Criminal Justice Act'.''

SEVERABILITY

Pub. L. 108–21, §2, Apr. 30, 2003, 117 Stat. 651, provided that: ''If any provision of this Act [see Tables for classification], or the application of such provision to any person or circumstance, is held invalid, the remainder of this Act, and the application of such provision to other persons not similarly situated or to other circumstances, shall not be affected by such invalidation.''

Pub. L. 107–56, §2, Oct. 26, 2001, 115 Stat. 275, provided that: ''Any provision of this Act [see Short Title of 2001 Amendment note above] held to be invalid or unenforceable by its terms, or as applied to any person or circumstance, shall be construed so as to give it the maximum effect permitted by law, unless such holding shall be one of utter invalidity or unenforceability, in which event such provision shall be deemed severable from this Act and shall not affect the remainder thereof or the application of such provision to other persons not similarly situated or to other, dissimilar circumstances.''

Pub. L. 104–132, title IX, §904, Apr. 24, 1996, 110 Stat. 1319, provided that: ''If any provision of this Act [see Short Title of 1996 Amendments note above], an amendment made by this Act, or the application of such provision or amendment to any person or circumstance is held to be unconstitutional, the remainder of this Act, the amendments made by this Act, and the application of the provisions of such to any person or circumstance shall not be affected thereby.''

## § 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

(June 25, 1948, ch. 645, 62 Stat. 684; Oct. 31, 1951, ch. 655, §17b, 65 Stat. 717.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §550 (Mar. 4, 1909, ch. 321, §332, 35 Stat. 1152).

Section 2(a) comprises section 550 of title 18, U.S.C., 1940 ed., without change except in minor matters of phraseology.

Section 2(b) is added to permit the deletion from many sections throughout the revision of such phrases as ''causes or procures''.

The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who ''aids, abets, counsels, commands, induces or procures'' another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States.

It removes all doubt that one who puts in motion or assists in the illegal enterprise but causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.

This accords with the following decisions: *Rothenburg v. United States*, 1918, 38 S. Ct. 18, 245 U.S. 480, 62 L. Ed. 414, and *United States v. Hodorowicz*, C. C. A. Ill. 1939, 105 F. 2d 218, certiorari denied, 60 S. Ct. 108, 308 U.S. 584, 84 L. Ed. 489. *United States v. Giles*, 1937, 57 S. Ct. 340, 300 U.S. 41, 81 L. Ed. 493, rehearing denied, 57 S. Ct. 505, 300 U.S. 687, 81 L. Ed. 888.

**Editorial Notes**

AMENDMENTS

1951—Subsec. (a). Act Oct. 31, 1951, inserted ''punishable as''.

Subsec. (b). Act Oct. 31, 1951, inserted ''willfully'' before ''causes'', and ''or another'' after ''him'', and substituted ''is punishable as a principal'' for ''is also a principal and punishable as such''.

## § 3. Accessory after the fact

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the prin-

nomination, shall be punished as provided by sections 1111 and 1112 of this title.

(b) Whoever kidnaps any individual designated in subsection (a) of this section shall be punished (1) by imprisonment for any term of years or for life, or (2) by death or imprisonment for any term of years or for life, if death results to such individual.

(c) Whoever attempts to kill or kidnap any individual designated in subsection (a) of this section shall be punished by imprisonment for any term of years or for life.

(d) If two or more persons conspire to kill or kidnap any individual designated in subsection (a) of this section and one or more of such persons do any act to effect the object of the conspiracy, each shall be punished (1) by imprisonment for any term of years or for life, or (2) by death or imprisonment for any term of years or for life, if death results to such individual.

(e) Whoever assaults any person designated in subsection (a) of this section shall be fined under this title, or imprisoned not more than one year, or both; and if the assault involved the use of a dangerous weapon, or personal injury results, shall be fined under this title, or imprisoned not more than ten years, or both.

(f) If Federal investigative or prosecutive jurisdiction is asserted for a violation of this section, such assertion shall suspend the exercise of jurisdiction by a State or local authority, under any applicable State or local law, until Federal action is terminated.

(g) Violations of this section shall be investigated by the Federal Bureau of Investigation. Assistance may be requested from any Federal, State, or local agency, including the Army, Navy, and Air Force, any statute, rule, or regulation to the contrary notwithstanding.

(h) In a prosecution for an offense under this section the Government need not prove that the defendant knew that the victim of the offense was an individual protected by this section.

(i) There is extraterritorial jurisdiction over the conduct prohibited by this section.

(Added Pub. L. 91–644, title IV, § 15, Jan. 2, 1971, 84 Stat. 1891; amended Pub. L. 97–285, §§ 1, 2(a), Oct. 6, 1982, 96 Stat. 1219; Pub. L. 99–646, § 62, Nov. 10, 1986, 100 Stat. 3614; Pub. L. 100–690, title VII, § 7074, Nov. 18, 1988, 102 Stat. 4405; Pub. L. 103–322, title XXXII, § 320101(d), title XXXIII, §§ 330016(1)(K), (L), 330021(1), Sept. 13, 1994, 108 Stat. 2108, 2147, 2150; Pub. L. 104–294, title VI, § 604(b)(12)(C), (c)(2), Oct. 11, 1996, 110 Stat. 3507, 3509; Pub. L. 112–87, title V, § 506, Jan. 3, 2012, 125 Stat. 1897.)

### Editorial Notes

#### AMENDMENTS

2012—Subsec. (a). Pub. L. 112–87 inserted ''the Director (or a person nominated to be Director during the pendency of such nomination) or Principal Deputy Director of National Intelligence,'' after ''in such department,'' and substituted ''the Central Intelligence Agency,'' for ''Central Intelligence,''.

1996—Subsec. (e). Pub. L. 104–294, § 604(c)(2), substituted ''involved the use'' for ''involved in the use''.

Pub. L. 104–294, § 604(b)(12)(C), repealed Pub. L. 103–322, § 320101(d)(3). See 1994 Amendment note below.

1994—Pub. L. 103–322, § 330021(1), substituted ''kidnapping'' for ''kidnaping'' in section catchline.

Subsec. (e). Pub. L. 103–322, § 330016(1)(L), substituted ''shall be fined under this title'' for ''shall be fined not more than $10,000'' after ''personal injury results,''.

Pub. L. 103–322, § 320101(d)(4), substituted ''imprisoned not more than ten years'' for ''imprisoned for not more than ten years''.

Pub. L. 103–322, § 320101(d)(3), which provided for amendment identical to Pub. L. 103–322, § 330016(1)(L), above, was repealed by Pub. L. 104–294, § 604(b)(12)(C).

Pub. L. 103–322, § 320101(d)(2), inserted ''the assault involved in the use of a dangerous weapon, or'' after ''and if''.

Pub. L. 103–322, §§ 320101(d)(1), 330016(1)(K), amended subsec. (e) identically, substituting ''shall be fined under this title'' for ''shall be fined not more than $5,000'' after ''subsection (a) of this section''.

1988—Subsec. (a). Pub. L. 100–690 inserted a comma after ''section 3056 of this title)''.

1986—Subsec. (a). Pub. L. 99–646, § 62(1), inserted ''a major Presidential or Vice Presidential candidate (as defined in section 3056 of this title)''.

Subsec. (h). Pub. L. 99–646, § 62(2), substituted ''individual'' for ''official''.

1982—Pub. L. 97–285, § 2(a), substituted ''Congressional, Cabinet, and Supreme Court assassination, kidnaping, and assault; penalties'' for ''Congressional assassination, kidnaping, and assault'' in section catchline.

Subsec. (a). Pub. L. 97–285, § 1(a), expanded coverage of subsec. (a) to cover the killing of any individual who is a member of the executive branch of the Government and the head, or a person nominated to be head during the pendency of such nomination, of a department listed in section 101 of title 5 or the second ranking official in such department, the Director (or a person nominated to be Director during the pendency of such nomination) or Deputy Director of Central Intelligence, or a Justice of the United States, as defined in section 451 of title 28, or a person nominated to be a Justice of the United States, during the pendency of such nomination.

Subsecs. (h), (i). Pub. L. 97–285, § 1(b), added subsecs. (h) and (i).

### Statutory Notes and Related Subsidiaries

#### EFFECTIVE DATE OF 1996 AMENDMENT

Amendment by Pub. L. 104–294 effective Sept. 13, 1994, see section 604(d) of Pub. L. 104–294, set out as a note under section 13 of this title.

#### REPORT TO MEMBER OF CONGRESS ON INVESTIGATION CONDUCTED SUBSEQUENT TO THREAT ON MEMBER'S LIFE

Pub. L. 95–624, § 19, Nov. 9, 1978, 92 Stat. 3466, provided that: ''The Federal Bureau of Investigation shall provide a written report to a Member of Congress on any investigation conducted based on a threat on the Member's life under section 351 of title 18 of the United States Code.''

## CHAPTER 19—CONSPIRACY

Sec.
371.      Conspiracy to commit offense or to defraud United States.
372.      Conspiracy to impede or injure officer.
373.      Solicitation to commit a crime of violence.

### Editorial Notes

#### AMENDMENTS

1984—Pub. L. 98–473, title II, § 1003(b), Oct. 12, 1984, 98 Stat. 2138, added item 373.

### § 371. Conspiracy to commit offense or to defraud United States

If two or more persons conspire either to commit any offense against the United States, or to

defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

(June 25, 1948, ch. 645, 62 Stat. 701; Pub. L. 103–322, title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 2147.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., §§ 88, 294 (Mar. 4, 1909, ch. 321, § 37, 35 Stat. 1096; Mar. 4, 1909, ch. 321, § 178a, as added Sept. 27, 1944, ch. 425, 58 Stat. 752).

This section consolidates said sections 88 and 294 of title 18, U.S.C., 1940 ed.

To reflect the construction placed upon said section 88 by the courts the words ''or any agency thereof'' were inserted. (See *Haas v. Henkel*, 1909, 30 S. Ct. 249, 216 U. S. 462, 54 L. Ed. 569, 17 Ann. Cas. 1112, where court said: ''The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful functions of any department of government.'' Also, see *United States v. Walter*, 1923, 44 S. Ct. 10, 263 U. S. 15, 68 L. Ed. 137, and definitions of department and agency in section 6 of this title.)

The punishment provision is completely rewritten to increase the penalty from 2 years to 5 years except where the object of the conspiracy is a misdemeanor. If the object is a misdemeanor, the maximum imprisonment for a conspiracy to commit that offense, under the revised section, cannot exceed 1 year.

The injustice of permitting a felony punishment on conviction for conspiracy to commit a misdemeanor is described by the late Hon. Grover M. Moscowitz, United States district judge for the eastern district of New York, in an address delivered March 14, 1944, before the section on Federal Practice of the New York Bar Association, reported in 3 Federal Rules Decisions, pages 380–392.

Hon. John Paul, United States district judge for the western district of Virginia, in a letter addressed to Congressman Eugene J. Keogh dated January 27, 1944, stresses the inadequacy of the 2-year sentence prescribed by existing law in cases where the object of the conspiracy is the commission of a very serious offense.

The punishment provision of said section 294 of title 18 was considered for inclusion in this revised section. It provided the same penalties for conspiracy to violate the provisions of certain counterfeiting laws, as are applicable in the case of conviction for the specific violations. Such a punishment would seem as desirable for all conspiracies as for such offenses as counterfeiting and transporting stolen property in interstate commerce.

A multiplicity of unnecessary enactments inevitably leads to confusion and disregard of law. (See reviser's note under section 493 of this title.)

Since consolidation was highly desirable and because of the strong objections of prosecutors to the general application of the punishment provision of said section 294, the revised section represents the best compromise that could be devised between sharply conflicting views.

A number of special conspiracy provisions, relating to specific offenses, which were contained in various sections incorporated in this title, were omitted because adequately covered by this section. A few exceptions were made, (1) where the conspiracy would constitute the only offense, or (2) where the punishment provided in this section would not be commensurate with the gravity of the offense. Special conspiracy provisions were retained in sections 241, 286, 372, 757, 794, 956, 1201, 2271, 2384 and 2388 of this title. Special conspiracy provisions were added to sections 2153 and 2154 of this title.

EDITORIAL NOTES

AMENDMENTS

1994—Pub. L. 103–322 substituted ''fined under this title'' for ''fined not more than $10,000''.

## § 372. Conspiracy to impede or injure officer

If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both.

(June 25, 1948, ch. 645, 62 Stat. 701; Pub. L. 107–273, div. B, title IV, § 4002(d)(1)(D), Nov. 2, 2002, 116 Stat. 1809.)

HISTORICAL AND REVISION NOTES

Based on title 18, U.S.C., 1940 ed., § 54 (Mar. 4, 1909, ch. 321, § 21, 35 Stat. 1092).

Scope of section was enlarged to cover all possessions of the United States. When the section was first enacted in 1861 there were no possessions, and hence the use of the words ''State or Territory'' was sufficient to describe the area then subject to the jurisdiction of the United States. The word ''District'' was inserted by the codifiers of the 1909 Criminal Code.

EDITORIAL NOTES

AMENDMENTS

2002—Pub. L. 107–273 substituted ''under this title'' for ''not more than $5,000''.

## § 373. Solicitation to commit a crime of violence

(a) Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half of the maximum fine prescribed for the punishment of the crime solicited, or both; or if the crime solicited is punishable by life imprisonment or death, shall be imprisoned for not more than twenty years.

(b) It is an affirmative defense to a prosecution under this section that, under circumstances manifesting a voluntary and com-

mitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or'' after ''If the violation''.

2002—Pub. L. 107–204 substituted ''20 years'' for ''five years''.

1994—Pub. L. 103–322 substituted ''fined under this title'' for ''fined not more than $1,000''.

1990—Pub. L. 101–647 substituted ''30'' for ''20'' before ''years''.

1989—Pub. L. 101–73 inserted at end ''If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 20 years, or both.''

1956—Act July 11, 1956, substituted ''transmitted by means of wire, radio, or television communication in interstate or foreign commerce'' for ''transmitted by means of interstate wire, radio, or television communication''.

### § 1344. Bank fraud

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

(Added Pub. L. 98–473, title II, §1108(a), Oct. 12, 1984, 98 Stat. 2147; amended Pub. L. 101–73, title IX, §961(k), Aug. 9, 1989, 103 Stat. 500; Pub. L. 101–647, title XXV, §2504(j), Nov. 29, 1990, 104 Stat. 4861.)

#### Editorial Notes

###### AMENDMENTS

1990—Pub. L. 101–647 substituted ''30'' for ''20'' before ''years''.

1989—Pub. L. 101–73 amended section generally, restating former subsec. (a) and striking out former subsec. (b) which defined ''federally chartered or insured financial institution''. Prior to amendment, subsec. (a) read as follows: ''Whoever knowingly executes, or attempts to execute, a scheme or artifice—

''(1) to defraud a federally chartered or insured financial institution; or

''(2) to obtain any of the moneys, funds, credits, assets, securities or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, shall be fined not more than $10,000, or imprisoned not more than five years, or both.''

### § 1345. Injunctions against fraud

(a)(1) If a person is—

(A) violating or about to violate this chapter or section 287, 371 (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof), or 1001 of this title;

(B) committing or about to commit a banking law violation (as defined in section 3322(d) of this title); or

(C) committing or about to commit a Federal health care offense;

the Attorney General may commence a civil action in any Federal court to enjoin such violation.

(2) If a person is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a banking law violation (as defined in section 3322(d) of this title) or a Federal health care offense or property which is traceable to such violation, the Attorney General may commence a civil action in any Federal court—

(A) to enjoin such alienation or disposition of property; or

(B) for a restraining order to—

(i) prohibit any person from withdrawing, transferring, removing, dissipating, or disposing of any such property or property of equivalent value; and

(ii) appoint a temporary receiver to administer such restraining order.

(3) A permanent or temporary injunction or restraining order shall be granted without bond.

(b) The court shall proceed as soon as practicable to the hearing and determination of such an action, and may, at any time before final determination, enter such a restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought. A proceeding under this section is governed by the Federal Rules of Civil Procedure, except that, if an indictment has been returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure.

(Added Pub. L. 98–473, title II, §1205(a), Oct. 12, 1984, 98 Stat. 2152; amended Pub. L. 100–690, title VII, §7077, Nov. 18, 1988, 102 Stat. 4406; Pub. L. 101–647, title XXV, §2521(b)(2), title XXXV, §3542, Nov. 29, 1990, 104 Stat. 4865, 4925; Pub. L. 103–322, title XXXIII, §330011(k), Sept. 13, 1994, 108 Stat. 2145; Pub. L. 104–191, title II, §247, Aug. 21, 1996, 110 Stat. 2018; Pub. L. 107–273, div. B, title IV, §4002(b)(14), Nov. 2, 2002, 116 Stat. 1808.)

#### Editorial Notes

###### REFERENCES IN TEXT

The Federal Rules of Civil Procedure, referred to in subsec. (b), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

The Federal Rules of Criminal Procedure, referred to in subsec. (b), are set out in the Appendix to this title.

###### AMENDMENTS

2002—Subsec. (a)(1)(B). Pub. L. 107–273, §4002(b)(14)(A), substituted ''; or'' for '', or'' at end.

Subsec. (a)(1)(C). Pub. L. 107–273, §4002(b)(14)(B), substituted semicolon for period at end.

1996—Subsec. (a)(1)(C). Pub. L. 104–191, §247(a), added subpar. (C).

Subsec. (a)(2). Pub. L. 104–191, §247(b), inserted ''or a Federal health care offense'' after ''title)''.

1994—Pub. L. 103–322, §330011(k), repealed Pub. L. 101–647, §3542. See 1990 Amendment note below.

1990—Pub. L. 101–647, §2521(b)(2), added subsec. (a), inserted subsec. (b) designation, and struck out former first sentence which read as follows: ''Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a violation of this chapter, or of section 287, 371 (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof), or 1001 of this title the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such violation.''

States, or attempts or conspires so to do, shall be punished—

(1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both;

(2) for maiming, by imprisonment for not more than thirty years or a fine under this title, or both;

(3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both;

(4) for threatening to commit a crime of violence, by imprisonment for not more than five years or a fine under this title, or both;

(5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both; and

(6) for attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine of[1] under this title, or both.

(b) As used in this section—

(1) ''racketeering activity'' has the meaning set forth in section 1961 of this title; and

(2) ''enterprise'' includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

(Added Pub. L. 98–473, title II, §1002(a), Oct. 12, 1984, 98 Stat. 2137, §1952B; renumbered §1959, Pub. L. 100–690, title VII, §7053(b), Nov. 18, 1988, 102 Stat. 4402; Pub. L. 103–322, title VI, §60003(a)(12), title XXXIII, §§330016(1)(J), (2)(C), 330021(1), Sept. 13, 1994, 108 Stat. 1969, 2147, 2148, 2150.)

#### AMENDMENTS

1994—Subsec. (a)(1). Pub. L. 103–322, §330016(2)(C), substituted ''fine under this title'' for ''fine of not more than $250,000'' in two places.

Pub. L. 103–322, §60003(a)(12), amended par. (1) generally. Prior to amendment, par. (1) read as follows:

''(1) for murder or kidnaping, by imprisonment for any term of years or for life or a fine of not more than $50,000, or both;''.

Subsec. (a)(2) to (4). Pub. L. 103–322, §330016(2)(C), substituted ''fine under this title'' for ''fine of not more than $30,000'' in par. (2), ''fine of not more than $20,000'' in par. (3), and ''fine of not more than $5,000'' in par. (4).

Subsec. (a)(5). Pub. L. 103–322, §330021(1), substituted ''kidnapping'' for ''kidnaping''.

Pub. L. 103–322, §330016(2)(C), substituted ''fine under this title'' for ''fine of not more than $10,000''.

Subsec. (a)(6). Pub. L. 103–322, §330016(1)(J), substituted ''under this title'' for ''not more than $3,000'' after ''fine of''.

1988—Pub. L. 100–690 renumbered section 1952B of this title as this section.

### § 1960. Prohibition of unlicensed money transmitting businesses

(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

(b) As used in this section—

(1) the term ''unlicensed money transmitting business'' means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—

(A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;

(B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or

(C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity;

(2) the term ''money transmitting'' includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

(3) the term ''State'' means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

(Added Pub. L. 102–550, title XV, §1512(a), Oct. 28, 1992, 106 Stat. 4057; amended Pub. L. 103–325, title IV, §408(c), Sept. 23, 1994, 108 Stat. 2252; Pub. L. 107–56, title III, §373(a), Oct. 26, 2001, 115 Stat. 339; Pub. L. 109–162, title XI, §1171(a)(2), Jan. 5, 2006, 119 Stat. 3123.)

#### AMENDMENTS

2006—Subsec. (b)(1)(C). Pub. L. 109–162 substituted ''to be used'' for ''to be used to be used''.

2001—Pub. L. 107–56 amended section catchline and text generally, substituting provisions relating to prohibition of unlicensed money transmitting businesses for similar provisions relating to prohibition of illegal money transmitting businesses.

1994—Subsec. (b)(1). Pub. L. 103–325 amended par. (1) generally. Prior to amendment, par. (1) read as follows:

''(1) the term 'illegal money transmitting business' means a money transmitting business that affects interstate or foreign commerce in any manner or degree and which is knowingly operated in a State—

''(A) without the appropriate money transmitting State license; and

''(B) where such operation is punishable as a misdemeanor or a felony under State law;''.

### CHAPTER 96—RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

Sec.
1961.     Definitions.
1962.     Prohibited activities.
1963.     Criminal penalties.
1964.     Civil remedies.
1965.     Venue and process.
1966.     Expedition of actions.
1967.     Evidence.

---

[1] So in original. The word ''of'' probably should not appear.

The Commodity Exchange Act, referred to in subsec. (c)(1)(A), is act Sept. 21, 1922, ch. 369, 42 Stat. 998, which is classified generally to chapter 1 (§ 1 et seq.) of Title 7, Agriculture. For complete classification of this Act to the Code, see section 1 of Title 7 and Tables.

### AMENDMENTS

2021—Subsec. (a)(1). Pub. L. 116–283, § 6102(d)(1)(A), substituted '', a transaction in money, credit, securities or gold, or a service provided with respect to money, securities, futures, precious metals, stones and jewels, or value that substitutes for currency'' for '', or a transaction in money, credit, securities, or gold''.

Subsec. (a)(2)(J). Pub. L. 116–283, § 6102(d)(1)(B)(i), inserted '', or a business engaged in the exchange of currency, funds, or value that substitutes for currency or funds'' before semicolon at end.

Subsec. (a)(2)(R). Pub. L. 116–283, § 6102(d)(i)(B)(ii), substituted ''currency, funds, or value that substitutes for currency,'' for ''funds,''.

Subsec. (a)(2)(Y) to (AA). Pub. L. 116–283, § 6110(a)(1), added subpar. (Y) and redesignated former subpars. (Y) and (Z) as (Z) and (AA), respectively.

Subsec. (a)(3)(D). Pub. L. 116–283, § 6102(d)(1)(C), added subpar. (D).

2004—Subsec. (a)(2)(E). Pub. L. 108–458, § 6202(g), made technical correction to directory language of Pub. L. 107–56, § 321(a). See 2001 Amendment note below.

Subsec. (a)(3)(C). Pub. L. 108–458, § 6203(b), substituted ''sections 5316 and 5331'' for ''sections 5333 and 5316''.

2001—Subsec. (a)(2)(E). Pub. L. 107–56, § 321(a), as amended by Pub. L. 108–458, § 6202(g), amended subpar. (E) generally. Prior to amendment, subpar. (E) read as follows: ''an insured institution (as defined in section 401(a) of the National Housing Act (12 U.S.C. 1724(a)));''.

Subsec. (a)(2)(R). Pub. L. 107–56, § 359(a), amended subpar. (R) generally. Prior to amendment, subpar. (R) read as follows: ''a licensed sender of money;''.

Subsec. (a)(3)(C). Pub. L. 107–56, § 365(c)(2)(A), substituted ''sections 5333 and 5316,'' for ''section 5316,''.

Subsec. (a)(4) to (6). Pub. L. 107–56, § 365(c)(1), added par. (4) and redesignated former pars. (4) and (5) as (5) and (6), respectively.

Subsec. (c). Pub. L. 107–56, § 321(b), added subsec. (c).

1994—Subsec. (a)(2)(X) to (Z). Pub. L. 103–325, § 409, added subpar. (X) and redesignated former subpars. (X) and (Y) as (Y) and (Z), respectively.

Subsec. (a)(3)(C). Pub. L. 103–325, § 405, added subpar. (C).

1988—Subsec. (a)(2)(T) to (Y). Pub. L. 100–690, § 6185(a), added subpars. (T) to (Y) and struck out former subpars. (T) and (U) which read as follows:

''(T) an agency of the United States Government or of a State or local government carrying out a duty or power of a business described in this clause (2), including the United States Postal Service; or

''(U) another business or agency carrying out a similar, related, or substitute duty or power the Secretary of the Treasury prescribes.''

Subsec. (a)(5). Pub. L. 100–690, § 6185(g)(1), inserted a comma after ''Puerto Rico'' and struck out second comma after ''Pacific Islands''.

1986—Subsec. (a)(2)(T). Pub. L. 99–570, § 1362(a), which directed that the Postal Service be included within United States agencies by amending subsec. (a)(2)(U) of this section by inserting before the semicolon at the end thereof the following '', including the United States Postal Service'', was executed to subsec. (a)(2)(T) of this section as the probable intent of Congress, because subsec. (a)(2)(U) does not contain a semicolon and subsec. (a)(2)(T) relates to United States agencies.

Subsec. (a)(5). Pub. L. 99–570, § 1362(b), inserted ''the Virgin Islands, Guam, the Northern Mariana Islands, American Samoa, the Trust Territory of the Pacific Islands,'' after ''Puerto Rico''.

### Statutory Notes and Related Subsidiaries

#### EFFECTIVE DATE OF 2021 AMENDMENT

Pub. L. 116–283, div. F, title LXI, § 6110(a)(2), Jan. 1, 2021, 134 Stat. 4562, provided that: ''Section 5312(a)(2)(Y) of title 31, United States Code, as added by paragraph (1), shall take effect on the effective date of the final rules issued by the Secretary of the Treasury pursuant to subsection (b) [see note below].''

#### EFFECTIVE DATE OF 2004 AMENDMENT

Amendment by Pub. L. 108–458 effective as if included in Pub. L. 107–56, as of the date of enactment of such Act, and no amendment made by Pub. L. 107–56 that is inconsistent with such amendment to be deemed to have taken effect, see section 6205 of Pub. L. 108–458, set out as a note under section 1828 of Title 12, Banks and Banking.

#### RULEMAKING

Pub. L. 116–283, div. F, title LXI, § 6110(b), Jan. 1, 2021, 134 Stat. 4562, provided that:

''(1) IN GENERAL.—Not later than 360 days after the date of enactment of this Act [Jan. 1, 2021], the Secretary of the Treasury shall issue proposed rules to carry out the amendments made by subsection (a) [amending this section].

''(2) CONSIDERATIONS.—Before issuing a proposed rule under paragraph (1), the Secretary of the Treasury (acting through the Director of the FinCEN [Financial Crimes Enforcement Network of the Department of the Treasury]), in coordination with the Federal Bureau of Investigation, the Attorney General, and Homeland Security Investigations, shall consider—

''(A) the appropriate scope for the rulemaking, including determining which persons should be subject to the rulemaking, by size, type of business, domestic or international geographical locations, or otherwise;

''(B) the degree to which the regulations should focus on high-value trade in antiquities, and on the need to identify the actual purchasers of such antiquities, in addition to the agents or intermediaries acting for or on behalf of such purchasers;

''(C) the need, if any, to identify persons who are dealers, advisors, consultants, or any other persons who engage as a business in the trade in antiquities;

''(D) whether thresholds should apply in determining which persons to regulate;

''(E) whether certain exemptions should apply to the regulations; and

''(F) any other matter the Secretary determines appropriate.''

### Executive Documents

#### TERMINATION OF TRUST TERRITORY OF THE PACIFIC ISLANDS

For termination of Trust Territory of the Pacific Islands, see note set out preceding section 1681 of Title 48, Territories and Insular Possessions.

### § 5313. Reports on domestic coins and currency transactions

(a) When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency (or other monetary instruments the Secretary of the Treasury prescribes), in an amount, denomination, or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes. A participant acting for another person shall make the report as the agent or bailee of the person and identify the person for whom the transaction is being made.

(b) The Secretary may designate a domestic financial institution as an agent of the United States Government to receive a report under

this section. However, the Secretary may designate a domestic financial institution that is not insured, chartered, examined, or registered as a domestic financial institution only if the institution consents. The Secretary may suspend or revoke a designation for a violation of this subchapter or a regulation under this subchapter (except a violation of section 5315 of this title or a regulation prescribed under section 5315), section 411[1] of the National Housing Act (12 U.S.C. 1730d), or section 21 of the Federal Deposit Insurance Act (12 U.S.C. 1829b).

(c)(1) A person (except a domestic financial institution designated under subsection (b) of this section) required to file a report under this section shall file the report—

(A) with the institution involved in the transaction if the institution was designated;

(B) in the way the Secretary prescribes when the institution was not designated; or

(C) with the Secretary.

(2) The Secretary shall prescribe—

(A) the filing procedure for a domestic financial institution designated under subsection (b) of this section; and

(B) the way the institution shall submit reports filed with it.

(d) MANDATORY EXEMPTIONS FROM REPORTING REQUIREMENTS.—

(1) IN GENERAL.—The Secretary of the Treasury shall exempt, pursuant to section 5318(a)(6), a depository institution from the reporting requirements of subsection (a) with respect to transactions between the depository institution and the following categories of entities:

(A) Another depository institution.

(B) A department or agency of the United States, any State, or any political subdivision of any State.

(C) Any entity established under the laws of the United States, any State, or any political subdivision of any State, or under an interstate compact between 2 or more States, which exercises governmental authority on behalf of the United States or any such State or political subdivision.

(D) Any business or category of business the reports on which have little or no value for law enforcement purposes.

(2) NOTICE OF EXEMPTION.—The Secretary of the Treasury shall publish in the Federal Register at such times as the Secretary determines to be appropriate (but not less frequently than once each year) a list of all the entities whose transactions with a depository institution are exempt under this subsection from the reporting requirements of subsection (a).

(e) DISCRETIONARY EXEMPTIONS FROM REPORTING REQUIREMENTS.—

(1) IN GENERAL.—The Secretary of the Treasury may exempt, pursuant to section 5318(a)(6), a depository institution from the reporting requirements of subsection (a) with respect to transactions between the depository institution and a qualified business customer

of the institution on the basis of information submitted to the Secretary by the institution in accordance with procedures which the Secretary shall establish.

(2) QUALIFIED BUSINESS CUSTOMER DEFINED.—For purposes of this subsection, the term ''qualified business customer'' means a business which—

(A) maintains a transaction account (as defined in section 19(b)(1)(C) of the Federal Reserve Act) at the depository institution;

(B) frequently engages in transactions with the depository institution which are subject to the reporting requirements of subsection (a); and

(C) meets criteria which the Secretary determines are sufficient to ensure that the purposes of this subchapter are carried out without requiring a report with respect to such transactions.

(3) CRITERIA FOR EXEMPTION.—The Secretary of the Treasury shall establish, by regulation, the criteria for granting and maintaining an exemption under paragraph (1).

(4) GUIDELINES.—

(A) IN GENERAL.—The Secretary of the Treasury shall establish guidelines for depository institutions to follow in selecting customers for an exemption under this subsection.

(B) CONTENTS.—The guidelines may include a description of the types of businesses or an itemization of specific businesses for which no exemption will be granted under this subsection to any depository institution.

(5) ANNUAL REVIEW.—The Secretary of the Treasury shall prescribe regulations requiring each depository institution to—

(A) review, at least once each year, the qualified business customers of such institution with respect to whom an exemption has been granted under this subsection; and

(B) upon the completion of such review, resubmit information about such customers, with such modifications as the institution determines to be appropriate, to the Secretary for the Secretary's approval.

(6) 2-YEAR PHASE-IN PROVISION.—During the 2-year period beginning on the date of enactment of the Money Laundering Suppression Act of 1994, this subsection shall be applied by the Secretary on the basis of such criteria as the Secretary determines to be appropriate to achieve an orderly implementation of the requirements of this subsection.

(f) PROVISIONS APPLICABLE TO MANDATORY AND DISCRETIONARY EXEMPTIONS.—

(1) LIMITATION ON LIABILITY OF DEPOSITORY INSTITUTIONS.—No depository institution shall be subject to any penalty which may be imposed under this subchapter for the failure of the institution to file a report with respect to a transaction with a customer for whom an exemption has been granted under subsection (d) or (e) unless the institution—

(A) knowingly files false or incomplete information to the Secretary with respect to the transaction or the customer engaging in the transaction; or

[1] See References in Text note below.

(B) has reason to believe at the time the exemption is granted or the transaction is entered into that the customer or the transaction does not meet the criteria established for granting such exemption.

(2) COORDINATION WITH OTHER PROVISIONS.— Any exemption granted by the Secretary of the Treasury under section 5318(a) in accordance with this section, and any transaction which is subject to such exemption, shall be subject to any other provision of law applicable to such exemption, including—

(A) the authority of the Secretary, under section 5318(a)(6), to revoke such exemption at any time; and

(B) any requirement to report, or any authority to require a report on, any possible violation of any law or regulation or any suspected criminal activity.

(g) DEPOSITORY INSTITUTION DEFINED.—For purposes of this section, the term ''depository institution''—

(1) has the meaning given to such term in section 19(b)(1)(A) of the Federal Reserve Act; and

(2) includes—

(A) any branch, agency, or commercial lending company (as such terms are defined in section 1(b) of the International Banking Act of 1978);

(B) any corporation chartered under section 25A of the Federal Reserve Act; and

(C) any corporation having an agreement or undertaking with the Board of Governors of the Federal Reserve System under section 25 of the Federal Reserve Act.

(Pub. L. 97–258, Sept. 13, 1982, 96 Stat. 996; Pub. L. 103–325, title IV, § 402(a), Sept. 23, 1994, 108 Stat. 2243.)

HISTORICAL AND REVISION NOTES

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 5313(a) ..... | 31:1081. | Oct. 26, 1970, Pub. L. 91–508, §§ 221–223, 84 Stat. 1122. |
| 5313(b) ..... | 31:1082. 31:1083(a). | |
| 5313(c) ..... | 31:1083(b). | |

In subsection (a), the words ''coins or'' are added, and the words ''prescribe'' and ''prescribes'' are substituted for ''specify'' in 31:1081, and ''require'', for consistency. The words ''other parties thereto or'' in 31:1082 are omitted as surplus. The words ''to the Secretary'' in 31:1081 are omitted as unnecessary and for clarity. The words ''in such detail'' are omitted as surplus. The words ''A participant acting for another person shall make the report as the agent or bailee of the person and identify the person for whom the transaction is being made'' are substituted for 31:1082(last sentence) for clarity and to eliminate unnecessary words.

In subsection (b), the words ''in his discretion'' and ''individually or by class'' are omitted as surplus. The word ''Government'' is added for consistency. The words ''or a regulation under this subchapter'', are added because of the restatement. The words ''(except a violation of section 5315 of this title or a regulation prescribed under section 5315)'' are added because 31:1141–1143 was not enacted as a part of the Currency and Foreign Transactions Reporting Act that is restated in this subchapter.

In subsection (c)(1), clause (A) is substituted for ''with respect to a domestic financial institution . . . with that institution'' for clarity. Clause (C) is sub-

stituted for ''any such person may, at his election and in lieu of filing the report in the manner hereinabove prescribed, file the report with the Secretary'' to eliminate unnecessary words.

Editorial Notes

REFERENCES IN TEXT

Section 411 of the National Housing Act, referred to in subsec. (b), which was classified to section 1730d of Title 12, Banks and Banking, was repealed by Pub. L. 101–73, title IV, § 407, Aug. 9, 1989, 103 Stat. 363.

Section 19(b)(1)(A) and (C) of the Federal Reserve Act, referred to in subsecs. (e)(2)(A) and (g)(1), is classified to section 461(b)(1)(A) and (C) of Title 12.

The date of enactment of the Money Laundering Suppression Act of 1994, referred to in subsec. (e)(6), is the date of enactment of title IV of Pub. L. 103–325, which was approved Sept. 23, 1994.

Section 1(b) of the International Banking Act of 1978, referred to in subsec. (g)(2)(A), is classified to section 3101 of Title 12.

Sections 25 and 25A of the Federal Reserve Act, referred to in subsec. (g)(2)(B), (C), are classified to subchapters I (§§ 601 et seq.) and II (§§ 611 et seq.), respectively, of chapter 6 of Title 12.

AMENDMENTS

1994—Subsecs. (d) to (g). Pub. L. 103–325 added subsecs. (d) to (g).

**Statutory Notes and Related Subsidiaries**

CURRENCY TRANSACTION REPORTS AND SUSPICIOUS ACTIVITY REPORTS THRESHOLDS REVIEW

Pub. L. 116–283, div. F, title LXII, § 6205, Jan. 1, 2021, 134 Stat. 4570, provided that:

''(a) REVIEW OF THRESHOLDS FOR CERTAIN CURRENCY TRANSACTION REPORTS AND SUSPICIOUS ACTIVITY REPORTS.—The Secretary [of the Treasury], in consultation with the Attorney General, the Director of National Intelligence, the Secretary of Homeland Security, the Federal functional regulators, State bank supervisors, State credit union supervisors, and other relevant stakeholders, shall review and determine whether the dollar thresholds, including aggregate thresholds, under sections 5313, 5318(g), and 5331 of title 31, United States Code, including regulations issued under those sections, should be adjusted.

''(b) CONSIDERATIONS.—In making the determinations required under subsection (a), the Secretary, in consultation with the Attorney General, the Director of National Intelligence, the Secretary of Homeland Security, the Federal functional regulators, State bank supervisors, State credit union supervisors, and other relevant stakeholders, shall—

''(1) rely substantially on information obtained through the BSA Data Value Analysis Project conducted by FinCEN [Financial Crimes Enforcement Network of the Department of the Treasury] and on information obtained through the Currency Transaction Report analyses conducted by the Comptroller General of the United States; and

''(2) consider—

''(A) the effects that adjusting the thresholds would have on law enforcement, intelligence, national security, and homeland security agencies;

''(B) the costs likely to be incurred or saved by financial institutions from any adjustment to the thresholds;

''(C) whether adjusting the thresholds would better conform the United States with international norms and standards to counter money laundering and the financing of terrorism;

''(D) whether currency transaction report thresholds should be tied to inflation or otherwise be adjusted based on other factors consistent with the purposes of the Bank Secrecy Act;

''(E) any other matter that the Secretary determines is appropriate.

''(c) REPORT AND RULEMAKINGS.—Not later than 1 year after the date of enactment of this Act [Jan. 1, 2021], the Secretary, in consultation with the Attorney General, the Director of National Intelligence, the Secretary of Homeland Security, the Federal functional regulators, State bank supervisors, State credit union supervisors, and other relevant stakeholders, shall—

''(1) publish a report of the findings from the review required under subsection (a); and

''(2) propose rulemakings, as appropriate, to implement the findings and determinations described in paragraph (1).

''(d) UPDATES.—Not less frequently than once every 5 years during the 10-year period beginning on the date of enactment of this Act, the Secretary shall—

''(1) evaluate findings and rulemakings described in subsection (c); and

''(2) transmit a written summary of the evaluation to the Committee on Financial Services of the House of Representatives and the Committee on Banking, Housing, and Urban Affairs of the Senate; and

''(3) propose rulemakings, as appropriate, in response to the evaluation required under paragraph (1).''

[For definitions of terms used in section 6205 of Pub. L. 116–283, set out above, see section 6003 of Pub. L. 116–283, set out as a Definitions note under section 5311 of this title.]

EFFICIENT USE OF CURRENCY TRANSACTION REPORT SYSTEM

Pub. L. 107–56, title III, §366, Oct. 26, 2001, 115 Stat. 335, provided that:

''(a) FINDINGS.—The Congress finds the following:

''(1) The Congress established the currency transaction reporting requirements in 1970 because the Congress found then that such reports have a high degree of usefulness in criminal, tax, and regulatory investigations and proceedings and the usefulness of such reports has only increased in the years since the requirements were established.

''(2) In 1994, in response to reports and testimony that excess amounts of currency transaction reports were interfering with effective law enforcement, the Congress reformed the currency transaction report exemption requirements to provide—

''(A) mandatory exemptions for certain reports that had little usefulness for law enforcement, such as cash transfers between depository institutions and cash deposits from government agencies; and

''(B) discretionary authority for the Secretary of the Treasury to provide exemptions, subject to criteria and guidelines established by the Secretary, for financial institutions with regard to regular business customers that maintain accounts at an institution into which frequent cash deposits are made.

''(3) Today there is evidence that some financial institutions are not utilizing the exemption system, or are filing reports even if there is an exemption in effect, with the result that the volume of currency transaction reports is once again interfering with effective law enforcement.

''(b) STUDY AND REPORT.—

''(1) STUDY REQUIRED.—The Secretary shall conduct a study of—

''(A) the possible expansion of the statutory exemption system in effect under section 5313 of title 31, United States Code; and

''(B) methods for improving financial institution utilization of the statutory exemption provisions as a way of reducing the submission of currency transaction reports that have little or no value for law enforcement purposes, including improvements in the systems in effect at financial institutions for regular review of the exemption procedures used at the institution and the training of personnel in its effective use.

''(2) REPORT REQUIRED.—The Secretary of the Treasury shall submit a report to the Congress before the end of the 1-year period beginning on the date of enactment of this Act [Oct. 26, 2001] containing the findings and conclusions of the Secretary with regard to the study required under subsection (a), and such recommendations for legislative or administrative action as the Secretary determines to be appropriate.''

REPORT REDUCTION GOAL; STREAMLINED CURRENCY TRANSACTION REPORTS

Pub. L. 103–325, title IV, §402(b), (c), Sept. 23, 1994, 108 Stat. 2245, provided that:

''(b) REPORT REDUCTION GOAL; REPORTS.—

''(1) IN GENERAL.—In implementing the amendment made by subsection (a) [amending this section], the Secretary of the Treasury shall seek to reduce, within a reasonable period of time, the number of reports required to be filed in the aggregate by depository institutions pursuant to section 5313(a) of title 31, United States Code, by at least 30 percent of the number filed during the year preceding the date of enactment of this Act [Sept. 23, 1994].

''(2) INTERIM REPORT.—The Secretary of the Treasury shall submit a report to the Congress not later than the end of the 180-day period beginning on the date of enactment of this Act on the progress made by the Secretary in implementing the amendment made by subsection (a).

''(3) ANNUAL REPORT.—The Secretary of the Treasury shall submit an annual report to the Congress after the end of each of the first 5 calendar years which begin after the date of enactment of this Act on the extent to which the Secretary has reduced the overall number of currency transaction reports filed with the Secretary pursuant to section 5313(a) of title 31, United States Code, consistent with the purposes of such section and effective law enforcement.

''(c) STREAMLINED CURRENCY TRANSACTION REPORTS.—The Secretary of the Treasury shall take such action as may be appropriate to—

''(1) redesign the format of reports required to be filed under section 5313(a) of title 31, United States Code, by any financial institution (as defined in section 5312(a)(2) of such title) to eliminate the need to report information which has little or no value for law enforcement purposes; and

''(2) reduce the time and effort required to prepare such report for filing by any such financial institution under such section.''

## §5314. Records and reports on foreign financial agency transactions

(a) Considering the need to avoid impeding or controlling the export or import of monetary instruments and the need to avoid burdening unreasonably a person making a transaction with a foreign financial agency, the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes:

(1) the identity and address of participants in a transaction or relationship.

(2) the legal capacity in which a participant is acting.

(3) the identity of real parties in interest.

(4) a description of the transaction.

(b) The Secretary may prescribe—

(1) a reasonable classification of persons subject to or exempt from a requirement under this section or a regulation under this section;

**S.A. 36**

may impose a civil money penalty of not more than $500 on any financial institution which negligently violates any provision of this subchapter or any regulation prescribed under this subchapter.''

Subsec. (a)(7). Pub. L. 102–550, §1511(b), added par. (7).

1988—Subsec. (a)(1). Pub. L. 100–690 inserted ''(if any)'' after ''transaction''.

1986—Subsec. (a)(1). Pub. L. 99–570, §§1356(c)(1), 1357(b), substituted ''sections 5314 and 5315'' for ''section 5315'' in two places, substituted ''5318(a)(2)'' for ''5318(2)'' in two places, and substituted ''the greater of the amount (not to exceed $100,000) involved in the transaction or $25,000'' for ''$10,000''.

Subsec. (a)(4). Pub. L. 99–570, §1357(a), added par. (4).

Subsec. (a)(5). Pub. L. 99–570, §1357(c), added par. (5).

Subsec. (a)(6). Pub. L. 99–570, §1357(d), added par. (6).

Subsec. (b). Pub. L. 99–570, §1357(e), amended subsec. (b) generally. Prior to amendment, subsec. (b) read as follows: ''The Secretary may bring a civil action to recover a civil penalty under subsection (a)(1) or (2) of this section that has not been paid.''

Subsec. (c). Pub. L. 99–570, §1357(h), substituted ''subsection (c) or (d) of section 5317'' for ''section 5317(b)''.

Subsec. (d). Pub. L. 99–570, §1357(f), added subsec. (d).

1984—Subsec. (a)(1). Pub. L. 98–473 substituted ''$10,000'' for ''$1,000''.

### Statutory Notes and Related Subsidiaries

#### EFFECTIVE DATE OF 2004 AMENDMENT

Pub. L. 108–357, title VIII, §821(b), Oct. 22, 2004, 118 Stat. 1586, provided that: ''The amendment made by this section [amending this section] shall apply to violations occurring after the date of the enactment of this Act [Oct. 22, 2004].''

#### EFFECTIVE DATE OF 1992 AMENDMENT

Pub. L. 102–550, title XV, §1561(b), Oct. 28, 1992, 106 Stat. 4072, provided that: ''The amendment made by subsection (a) [amending this section] shall apply with respect to violations committed after the date of the enactment of this Act [Oct. 28, 1992].''

#### EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by section 1357(a) of Pub. L. 99–570, applicable with respect to violations committed after the end of the 3-month period beginning Oct. 27, 1986, see section 1364(b) of Pub. L. 99–570, set out as a note under section 5317 of this title.

Pub. L. 99–570, title I, §1364(c), Oct. 27, 1986, 100 Stat. 3207–34, provided that: ''The amendments made by section 1357 (other than subsection (a) of such section) [amending sections 5321 and 5322 of this title] shall apply with respect to violations committed after the date of the enactment of this Act [Oct. 27, 1986].''

#### CONSTRUCTION OF 2021 AMENDMENT

Pub. L. 116–283, div. F, title LXIII, §6310(b), Jan. 1, 2021, 134 Stat. 4595, provided that: ''Nothing in the amendment made by subsection (a) [amending this section] shall be construed to limit the application of section 19 of the Federal Deposit Insurance Act (12 U.S.C. 1829).''

### § 5322. Criminal penalties

(a) A person willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except section 5315, 5324, or 5336 of this title or a regulation prescribed under section 5315, 5324, or 5336), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91–508, shall be fined not more than $250,000, or imprisoned for not more than five years, or both.

(b) A person willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except section 5315, 5324, or 5336 of this title or a regulation prescribed under section 5315, 5324, or 5336), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91–508, while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period, shall be fined not more than $500,000, imprisoned for not more than 10 years, or both.

(c) For a violation of section 5318(a)(2) of this title or a regulation prescribed under section 5318(a)(2), a separate violation occurs for each day the violation continues and at each office, branch, or place of business at which a violation occurs or continues.

(d) A financial institution or agency that violates any provision of subsection (i) or (j) of section 5318, or any special measures imposed under section 5318A, or any regulation prescribed under subsection (i) or (j) of section 5318 or section 5318A, shall be fined in an amount equal to not less than 2 times the amount of the transaction, but not more than $1,000,000.

(e) A person convicted of violating a provision of (or rule issued under) the Bank Secrecy Act, as defined in section 6003 of the Anti-Money Laundering Act of 2020, shall—

(1) in addition to any other fine under this section, be fined in an amount that is equal to the profit gained by such person by reason of such violation, as determined by the court; and

(2) if the person is an individual who was a partner, director, officer, or employee of a financial institution at the time the violation occurred, repay to such financial institution any bonus paid to the individual during the calendar year in which the violation occurred or the calendar year after which the violation occurred.

(Pub. L. 97–258, Sept. 13, 1982, 96 Stat. 1000; Pub. L. 98–473, title II, §901(b), Oct. 12, 1984, 98 Stat. 2135; Pub. L. 99–570, title I, §§1356(c)(1), 1357(g), Oct. 27, 1986, 100 Stat. 3207–24, 3207–26; Pub. L. 102–550, title XV, §1504(d)(2), Oct. 28, 1992, 106 Stat. 4055; Pub. L. 103–325, title IV, §411(c)(1), Sept. 23, 1994, 108 Stat. 2253; Pub. L. 107–56, title III, §§353(b), 363(b), Oct. 26, 2001, 115 Stat. 323, 332; Pub. L. 116–283, div. F, title LXIII, §6312(a), title LXIV, §6403(b)(2), Jan. 1, 2021, 134 Stat. 4596, 4623.)

HISTORICAL AND REVISION NOTES

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 5322(a) ..... | 31:1058. | Oct. 26, 1970, Pub. L. 91–508, §§205(b)(last sentence related to criminal penalties), 209, 210, 84 Stat. 1120, 1121. |
| 5322(b) ..... | 31:1059. | |
| 5322(c) ..... | 31:1054(b)(last sentence related to criminal penalties). | |

In subsections (a) and (b), the words ''(except section 5315 of this title or a regulation prescribed under section 5315)'' are added because 31:1141–1143 was not enacted as part of the Currency and Foreign Transactions Reporting Act that is restated in the subchapter.

In subsection (a), the word ''prescribed'' is added for consistency.

In subsection (b), the words ''or a regulation prescribed under this subchapter'' are added because of the restatement. The words ''committed'' and ''the commission of'' are omitted as surplus. The words ''United States'' are substituted for ''Federal'' for consistency in the revised title and with other titles of the United States Code.

In subsection (c), the words ''the purposes of both civil and criminal penalties for'' are omitted because of the restatement. The word ''separate'' before ''office'' is omitted as surplus.

#### Editorial Notes

##### REFERENCES IN TEXT

Section 21 of the Federal Deposit Insurance Act, referred to in subsecs. (a) and (b), is classified to section 1829b of Title 12, Banks and Banking.

Section 123 of Public Law 91–508, referred to in subsecs. (a) and (b), is classified to section 1953 of Title 12, Banks and Banking.

Section 6003 of the Anti-Money Laundering Act of 2020, referred to in subsec. (e), is section 6003 of div. F of Pub. L. 116–283, which is set out as a note under section 5311 of this title. Such section 6003 defines terms, including the Bank Secrecy Act, as used in div. F of Pub. L. 116–283.

##### AMENDMENTS

2021—Subsecs. (a), (b). Pub. L. 116–283, § 6403(b)(2), substituted ''section 5315, 5324, or 5336'' for ''section 5315 or 5324'' in two places.

Subsec. (e). Pub. L. 116–283, § 6312(a), added subsec. (e).

2001—Subsec. (a). Pub. L. 107–56, § 353(b)(1), inserted ''or order issued'' after ''willfully violating this subchapter or a regulation prescribed'' and '', or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91–508,'' after ''under section 5315 or 5324)''.

Subsec. (b). Pub. L. 107–56, § 353(b)(2), inserted ''or order issued'' after ''willfully violating this subchapter or a regulation prescribed'' and ''or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91–508,'' after ''under section 5315 or 5324),''.

Subsec. (d). Pub. L. 107–56, § 363(b), added subsec. (d).

1994—Subsecs. (a), (b). Pub. L. 103–325 inserted ''or 5324'' after ''section 5315'' wherever appearing.

1992—Subsec. (a). Pub. L. 102–550 substituted ''imprisoned for'' for ''imprisonment''.

1986—Subsec. (b). Pub. L. 99–570, § 1357(g), substituted ''any illegal activity involving'' for ''illegal activity involving transactions of'' and ''10 years'' for ''5 years''.

Subsec. (c). Pub. L. 99–570, § 1356(c)(1), substituted ''5318(a)(2)'' for ''5318(2)'' in two places.

1984—Subsec. (a). Pub. L. 98–473, which directed the substitution of ''$250,000, or imprisonment not more than five years, or both'' for ''$1,000, or imprisonment not more than one year, or both'', was executed by substituting the quoted wording for ''$1,000, imprisoned for not more than one year, or both'' to reflect the probable intent of Congress.

#### Statutory Notes and Related Subsidiaries

##### EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by section 1357(g) of Pub. L. 99–570 applicable with respect to violations committed after Oct. 27, 1986, see section 1364(c) of Pub. L. 99–570, set out as a note under section 5321 of this title.

##### CONSTRUCTION OF 2021 AMENDMENT

Pub. L. 116–283, div. F, title LXIII, § 6312(b), Jan. 1, 2021, 134 Stat. 4596, provided that: ''The amendment made by subsection (a) [amending this section] may not be construed to prohibit a financial institution from requiring the repayment of a bonus paid to a partner, director, officer, or employee if the financial institution determines that the partner, director, officer, or employee engaged in unethical, but non-criminal, activities.''

#### § 5323. Whistleblower incentives and protections

(a) DEFINITIONS.—In this section:

(1) COVERED JUDICIAL OR ADMINISTRATIVE ACTION.—The term ''covered judicial or administrative action'' means any judicial or administrative action brought by the Secretary of the Treasury (referred to in this section as the ''Secretary'') or the Attorney General under this subchapter, chapter 35 or section 4305 or 4312 of title 50, the Foreign Narcotics Kingpin Designation Act (21 U.S.C. 1901 et seq.), or .),[1] and for conspiracies to violate the aforementioned provisions that results in monetary sanctions exceeding $1,000,000.

(2) MONETARY SANCTIONS.—The term ''monetary sanctions'', when used with respect to any judicial or administrative action—

(A) means any monies, including penalties, disgorgement, and interest, ordered to be paid; and

(B) does not include—

(i) forfeiture;

(ii) restitution; or

(iii) any victim compensation payment.

(3) ORIGINAL INFORMATION.—The term ''original information'' means information that—

(A) is derived from the independent knowledge or analysis of a whistleblower;

(B) is not known to the Secretary or the Attorney General from any other source, unless the whistleblower is the original source of the information; and

(C) is not exclusively derived from an allegation made in a judicial or administrative hearing, in a governmental report, hearing, audit, or investigation, or from the news media, unless the whistleblower is a source of the information.

(4) RELATED ACTION.—The term ''related action'', when used with respect to any covered judicial or administrative action brought by the Secretary or the Attorney General, means any judicial or administrative action brought by an entity described in any of subclauses (I) through (III) of subsection (g)(4)(D)(i) that is based upon the original information provided by a whistleblower pursuant to subsection (b) that led to the successful enforcement of the covered action.

(5) WHISTLEBLOWER.—

(A) IN GENERAL.—The term ''whistleblower'' means any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of this subchapter, chapter 35 or section 4305 or 4312 of title 50, the Foreign Narcotics Kingpin Designation Act (21 U.S.C. 1901 et seq.), or .),[1] and for conspiracies to violate the aforementioned provisions to the employer of the individual or individuals, including as part of the job duties of the individual or individuals, or to the Secretary or the Attorney General.

(B) SPECIAL RULE.—Solely for the purposes of subsection (g)(1), the term ''whistle-

---

[1] So in original.

or order)'' for ''coins or currency (or such other monetary instruments as the Secretary may describe in the regulation or order)''.

2001—Subsec. (a). Pub. L. 107–56, §365(c)(2)(B), inserted ''or nonfinancial trade or business'' after ''financial institution'' and ''or nonfinancial trades or businesses'' for ''financial institutions'' in introductory provisions.

Subsec. (a)(1)(A). Pub. L. 107–56, §365(c)(2)(B)(i), inserted ''or nonfinancial trade or business'' after ''financial institution''.

Subsec. (b)(1)(A). Pub. L. 107–56, §365(c)(2)(B)(i), inserted ''or nonfinancial trade or business'' after ''financial institution'' wherever appearing.

Subsec. (b)(1)(B). Pub. L. 107–56, §365(c)(2)(B)(i), inserted ''or nonfinancial trade or business'' after ''financial institution''.

Subsec. (c). Pub. L. 107–56, §365(c)(2)(B)(i), inserted ''or nonfinancial trade or business'' after ''financial institution'' in two places.

Subsec. (d). Pub. L. 107–56, §353(d), substituted ''more than 180 days'' for ''more than 60 days''.

1992—Subsecs. (b) to (d). Pub. L. 102–550 added subsecs. (b) and (c) and redesignated former subsec. (b) as (d).

## [§ 5327. Repealed. Pub. L. 104–208, div. A, title II, § 2223(1), Sept. 30, 1996, 110 Stat. 3009–415]

Section, added Pub. L. 102–550, title XV, §1511(a), Oct. 28, 1992, 106 Stat. 4056, required Secretary to prescribe regulations requiring depository institutions to identify and report on financial institution customers.

## [§ 5328. Repealed. Pub. L. 116–283, div. F, title LXIII, § 6314(b), Jan. 1, 2021, 134 Stat. 4603]

Section, added Pub. L. 102–550, title XV, §1563(a), Oct. 28, 1992, 106 Stat. 4072; amended Pub. L. 107–56, title III, §365(c)(2)(B)(i), Oct. 26, 2001, 115 Stat. 335, related to whistleblower protections. See section 5323 of this title.

## § 5329. Staff commentaries

The Secretary shall—

(1) publish all written rulings interpreting this subchapter; and

(2) annually issue a staff commentary on the regulations issued under this subchapter.

(Added Pub. L. 103–325, title III, §311(a), Sept. 23, 1994, 108 Stat. 2221.)

## § 5330. Registration of money transmitting businesses

(a) REGISTRATION WITH SECRETARY OF THE TREASURY REQUIRED.—

(1) IN GENERAL.—Any person who owns or controls a money transmitting business shall register the business (whether or not the business is licensed as a money transmitting business in any State) with the Secretary of the Treasury not later than the end of the 180-day period beginning on the later of—

(A) the date of enactment of the Money Laundering Suppression Act of 1994; or

(B) the date on which the business is established.

(2) FORM AND MANNER OF REGISTRATION.—Subject to the requirements of subsection (b), the Secretary of the Treasury shall prescribe, by regulation, the form and manner for registering a money transmitting business pursuant to paragraph (1).

(3) BUSINESSES REMAIN SUBJECT TO STATE LAW.—This section shall not be construed as superseding any requirement of State law relating to money transmitting businesses operating in such State.

(4) FALSE AND INCOMPLETE INFORMATION.—The filing of false or materially incomplete information in connection with the registration of a money transmitting business shall be considered as a failure to comply with the requirements of this subchapter.

(b) CONTENTS OF REGISTRATION.—The registration of a money transmitting business under subsection (a) shall include the following information:

(1) The name and location of the business.

(2) The name and address of each person who—

(A) owns or controls the business;

(B) is a director or officer of the business; or

(C) otherwise participates in the conduct of the affairs of the business.

(3) The name and address of any depository institution at which the business maintains a transaction account (as defined in section 19(b)(1)(C) of the Federal Reserve Act).

(4) An estimate of the volume of business in the coming year (which shall be reported annually to the Secretary).

(5) Such other information as the Secretary of the Treasury may require.

(c) AGENTS OF MONEY TRANSMITTING BUSINESSES.—

(1) MAINTENANCE OF LISTS OF AGENTS OF MONEY TRANSMITTING BUSINESSES.—Pursuant to regulations which the Secretary of the Treasury shall prescribe, each money transmitting business shall—

(A) maintain a list containing the names and addresses of all persons authorized to act as an agent for such business in connection with activities described in subsection (d)(1)(A) and such other information about such agents as the Secretary may require; and

(B) make the list and other information available on request to any appropriate law enforcement agency.

(2) TREATMENT OF AGENT AS MONEY TRANSMITTING BUSINESS.—The Secretary of the Treasury shall prescribe regulations establishing, on the basis of such criteria as the Secretary determines to be appropriate, a threshold point for treating an agent of a money transmitting business as a money transmitting business for purposes of this section.

(d) DEFINITIONS.—For purposes of this section, the following definitions shall apply:

(1) MONEY TRANSMITTING BUSINESS.—The term ''money transmitting business'' means any business other than the United States Postal Service which—

(A) provides check cashing, currency exchange, or money transmitting or remittance services, or issues or redeems money orders, travelers' checks, and other similar instruments or any other person who engages as a business in the transmission of currency, funds, or value that substitutes for currency, including any person who engages

as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;

(B) is required to file reports under section 5313; and

(C) is not a depository institution (as defined in section 5313(g)).

(2) MONEY TRANSMITTING SERVICE.—The term ''money transmitting service'' includes accepting currency, funds, or value that substitutes for currency and transmitting the currency, funds, or value that substitutes for currency by any means, including through a financial agency or institution, a Federal reserve bank or other facility of the Board of Governors of the Federal Reserve System, or an electronic funds transfer network.

(e) CIVIL PENALTY FOR FAILURE TO COMPLY WITH REGISTRATION REQUIREMENTS.—

(1) IN GENERAL.—Any person who fails to comply with any requirement of this section or any regulation prescribed under this section shall be liable to the United States for a civil penalty of $5,000 for each such violation.

(2) CONTINUING VIOLATION.—Each day a violation described in paragraph (1) continues shall constitute a separate violation for purposes of such paragraph.

(3) ASSESSMENTS.—Any penalty imposed under this subsection shall be assessed and collected by the Secretary of the Treasury in the manner provided in section 5321 and any such assessment shall be subject to the provisions of such section.

(Added Pub. L. 103–325, title IV, § 408(b), Sept. 23, 1994, 108 Stat. 2250; amended Pub. L. 107–56, title III, § 359(b), Oct. 26, 2001, 115 Stat. 328; Pub. L. 116–283, div. F, title LXI, § 6102(d)(2), Jan. 1, 2021, 134 Stat. 4553.)

**Editorial Notes**

REFERENCES IN TEXT

The date of enactment of the Money Laundering Suppression Act of 1994, referred to in subsec. (a)(1)(A), is the date of enactment of title IV of Pub. L. 103–325, which was approved Sept. 23, 1994.

Section 19(b)(1)(C) of the Federal Reserve Act, referred to in subsec. (b)(3), is classified to section 461(b)(1)(C) of Title 12, Banks and Banking.

AMENDMENTS

2021—Subsec. (d)(1)(A). Pub. L. 116–283, § 6102(d)(2)(A), substituted ''currency, funds, or value that substitutes for currency,'' for ''funds,'' and ''system;'' for ''system;;''.

Subsec. (d)(2). Pub. L. 116–283, § 6102(d)(2)(B), substituted ''currency, funds, or value that substitutes for currency'' for ''currency or funds denominated in the currency of any country'' after ''accepting'', substituted ''currency, funds, or value that substitutes for currency'' for ''currency or funds, or the value of the currency or funds,'' after ''transmitting the'', and inserted '', including'' after ''means''.

2001—Subsec. (d)(1)(A). Pub. L. 107–56 inserted before semicolon ''or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a

business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;''.

**Statutory Notes and Related Subsidiaries**

FINDINGS AND PURPOSES

Pub. L. 103–325, title IV, § 408(a), Sept. 23, 1994, 108 Stat. 2249, provided that:

''(1) FINDINGS.—The Congress hereby finds the following:

''(A) Money transmitting businesses are subject to the recordkeeping and reporting requirements of subchapter II of chapter 53 of title 31, United States Code.

''(B) Money transmitting businesses are largely unregulated businesses and are frequently used in sophisticated schemes to—

''(i) transfer large amounts of money which are the proceeds of unlawful enterprises; and

''(ii) evade the requirements of such subchapter II, the Internal Revenue Code of 1986 [26 U.S.C. 1 et seq.], and other laws of the United States.

''(C) Information on the identity of money transmitting businesses and the names of the persons who own or control, or are officers or employees of, a money transmitting business would have a high degree of usefulness in criminal, tax, or regulatory investigations and proceedings.

''(2) PURPOSE.—It is the purpose of this section [enacting this section and amending section 1960 of Title 18, Crimes and Criminal Procedure] to establish a registration requirement for businesses engaged in providing check cashing, currency exchange, or money transmitting or remittance services, or issuing or redeeming money orders, travelers' checks, and other similar instruments to assist the Secretary of the Treasury, the Attorney General, and other supervisory and law enforcement agencies to effectively enforce the criminal, tax, and regulatory laws and prevent such money transmitting businesses from engaging in illegal activities.''

**§ 5331. Reports relating to coins and currency received in nonfinancial trade or business**

(a) COIN AND CURRENCY RECEIPTS OF MORE THAN $10,000.—Any person—

(1)(A) who is engaged in a trade or business, and

(B) who, in the course of such trade or business, receives more than $10,000 in coins or currency in 1 transaction (or 2 or more related transactions), or

(2) who is required to file a report under section 6050I(g) of the Internal Revenue Code of 1986,

shall file a report described in subsection (b) with respect to such transaction (or related transactions) with the Financial Crimes Enforcement Network at such time and in such manner as the Secretary may, by regulation, prescribe.

(b) FORM AND MANNER OF REPORTS.—A report is described in this subsection if such report—

(1) is in such form as the Secretary may prescribe;

(2) contains—

(A) the name and address, and such other identification information as the Secretary may require, of the person from whom the coins or currency was received;

(B) the amount of coins or currency received;

(C) the date and nature of the transaction; and